Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SALT & PEPPER CLOTHING, INC., a California corporation, individually and d/b/a "JEALOUS TOMATO"; POSHMARK, INC., a Delaware corporation; THREDUP INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Unicolors, Inc. ("Unicolors" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

**PARTIES**

4. Plaintiff Unicolors, Inc. is a California corporation.

5. Defendant Salt & Pepper Clothing, Inc. is a California corporation doing business as Jealous Tomato ("Jealous Tomato"), with its primary place of business located at 4770 E. 50th Street, Vernon, CA 90058, and is doing business in and with the State of California. Jealous Tomato is the owner of the Registered Identification Number ("RN") 121970 issued by the U.S. Federal Trade Commission.

6. Defendant Poshmark, Inc. ("Poshmark") is a Delaware corporation with its primary place of business located at 203 Redwood Shores Parkway, 8th Floor, Redwood City, CA 94065, and is doing business in and with the State of California. Poshmark owns, oversees, and/or operates the online marketplace at https://www.poshmark.com.

7. Defendant ThredUp Inc. ("ThredUp") is a Delaware corporation with its primary place of business located at 969 Broadway, Suite 200, Oakland, CA 94607, and is doing business in and with the State of California. ThredUp owns, oversees, and/or operates the online marketplace at https://www.thredup.com.

8. Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Jealous Tomato, Poshmark and ThredUp, "Defendants"), inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. At all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN EH101

11. Plaintiff composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the design Unicolors' Internal Design Number EH101 (hereinafter the "Subject Design.") This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

12. Plaintiff applied for and received a United States Copyright Registration covering the Subject Design.

13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

14.     Following Plaintiff's display, distribution, and publication of the Subject Design, Defendants, and each of them, created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Plaintiff (collectively, the "Accused Products.") Such Accused Products include, but are not limited to, the garments bearing illicit copies of the Subject Design and offered for sale by Poshmark and ThredUp on their online marketplace sites at https://www.poshmark.com and https://www.thredup.com under the style numbers JT3255, JK1226, and JJ1282, bearing the label "Jealous Tomato" and RN 121970, indicating that the Accused Products were manufactured by or for Jealous Tomato and distributed by Poshmark and ThredUp.

15.     Below is a comparison of the Subject Design with non-inclusive exemplars of the Accused Products; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

| SUBJECT DESIGN | ACCUSED PRODUCTS |
|---|---|
| EH101 | Style: JT3255 *[sold on ThredUp]* |

- 4 -
COMPLAINT

| SUBJECT DESIGN | ACCUSED PRODUCTS |
|---|---|
| | <u>Detail</u> |
| <u>EH101</u> | <u>Style: JK1226</u><br>*[sold on ThredUp]* |



**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

16. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

17. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including through (a) Plaintiff's showroom and/or design library; (b) illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills; (c) Plaintiff's strike-offs and samples, and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

18. Upon information and belief, one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Accused Products, to said Defendant retailers; and that said Defendant retailers used the Accused Products as alleged above.

19. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through online websites.

20. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As

such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Design; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 25, 2023

Respectfully submitted,

By: _____
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*